IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TANCI ISSA BALZAN, #42495-177, § | | |
| Petitioner, § | | |
| § | | |
| v. § | 3:13-CV-0174-L-BK | |
| § | | |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal detainee awaiting extradition to Argentina, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, it is recommended that the petition be summarily dismissed with prejudice.

**I. BACKGROUND**

In 2010, the government filed a complaint under 18 U.S.C. § 3184, on behalf of the Country of Argentina, requesting that Petitioner be certified as extraditable to stand trial in Argentina for fraud. *United States v. Balzan*, 3:10-MJ-340-BH (N.D. Tex.) (Doc. 1). After an extradition hearing, the undersigned found that Petitioner had been charged with an extraditable offense and that there was probable cause to believe that he had committed the charged offenses. *Id.*, Tr. (Doc. 37) at 39-40. Petitioner unsuccessfully appealed the certification and commitment order, by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Balzan v. United States*, No. 3:11-CV-1155-N-BH, 2011 WL 4840730 (N.D. Tex. Sep. 11, 2011), *accepting findings and recommendation*, 2011 WL 4840726 (N.D. Tex. Oct. 11, 2011) (denying habeas petition with prejudice), *aff'd*, 702 F.3d 220 (5th Cir. Dec. 7, 2012). He also unsuccessfully sought clarification of the extradition order through two separate habeas petitions. *See Balzan v.*

*United States*, No. 3:12-CV-4815-D-BK, 2012 WL 6965062 (N.D. Tex. Dec. 11, 2012), *accepting findings and recommendation*, 2013 WL 373438 (N.D. Tex. Jan. 31, 2013) (summarily dismissing petition with prejudice); *Balzan v. United States,* No. 3:12-CV-5135-M-BH, 2013 WL 359648 (N.D. Tex. Jan. 11, 2013), *accepting findings and recommendation*, 2013 WL 362814 (N.D. Tex. Jan. 30, 2013) (summarily dismissing petition with prejudice and sanction warning).[1]

In this action, Petitioner renews his request for "assurances" and "clarification" regarding the offenses that are the basis for his extradition. (Doc. 3 at 2, 5-7). He states that a "diplomatic letter DE 34/2010 relating to case No. 21521, penal code 302 in Argentina indicate[s] a different offense," specifically the "failure to honor several checks . . . for merchandise he never[] received." *Id.* at 5. Petitioner notes that "the State Department previously denied extradition on case 21521," but "no oficial [sic] letter was ever issued of [the] denial." *Id.* at 6.

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas

---

[1] Petitioner also filed a fifth section 2241 petition, seeking transfer within the Bureau of Prisons to a facility in Florida, and assurances that he will not be detained for any other offense. *See Balzan v. United States*, No. 3:13-CV-0020-L-BK (N.D. Tex.) (awaiting filing fee payment and screening).

petition).[2]

Petitioner's renewed request for clarification and assurances is frivolous. As the Government noted at the hearing, "the court in Argentina rescinded the extradition request for 21521 as a petty offense," and the State Department denied extradition. *United States v. Balzan*, 3:10-MJ-340-BH (N.D. Tex.), Tr. (Doc. 37) at 31. Defense counsel also conceded that case 21521 was a "nonissue." *Id.* Accordingly, the habeas petition should be summarily dismissed.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice. In addition, as in case number 3:12-CV-5135-M-BH, Petitioner should be **WARNED** that sanctions may be imposed if he persists in filing frivolous or duplicative habeas actions.

SIGNED February 7, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the Section 2254 Rules are applicable to habeas petitions not covered under section 2254.

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE